**1**

**2** UNITED STATES DISTRICT COURT

**3** FOR THE NORTHERN DISTRICT OF CALIFORNIA

**4** OAKLAND DIVISION

**5**

| | |
|---|---|
| **6** SERGIO RAMIREZ AND VERONICA RAMIREZ, | Case No: C 09-5570 SBA |
| **7** Plaintiffs, | **ORDER TO SHOW CAUSE RE DISMISSAL** |
| **8** vs. | |
| **9** COUNTRYWIDE HOME LOANS; AMERICA'S WHOLESALE LENDER; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; WESTPORT CORPORATION; VI TUONG NGUYEN and DOES 1-20, inclusive, | |
| **13** Defendants. | |

**14**

**15** On November 29, 2009, Plaintiffs filed the instant action in this Court against various

**16** entities and an individual, Vi Tuoung Nguyen, alleging that they were defrauded them in

**17** connection with a mortgage on their property. The Complaint alleged federal claims under the

**18** Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA), along

**19** with various state law claims. The Court had original jurisdiction over the federal claims, 28

**20** U.S.C. § 1331, and supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367.

**21** On January 20, 2010, certain Defendants filed a motion to dismiss, pursuant to Federal

**22** Rule of Civil Procedure 12(b)(6). In turn, on March 1, 2010, Plaintiffs filed a statement of

**23** non-opposition in which they agreed to the dismissal of their TILA and RESPA claims, and

**24** simultaneously filed a First Amended Complaint, alleging only state law causes of action.

**25** Unlike the original Complaint, the First Amended Complaint does not articulate the basis of the

1  Court's jurisdiction.  Compare Compl. ¶ 1 with First Am. Compl. ¶¶ 1-4.[1]  Nor is the Court's
2  subject matter jurisdiction apparent from the face of the amended complaint.  Diversity
3  jurisdiction also is lacking, as it appears that Plaintiff and least one of the Defendants are
4  residents of the same state.
5      When the federal claims that served as the basis for the Court's original jurisdiction are
6  eliminated, either through dismissal by the court or by a plaintiff amending his or her
7  complaint, federal courts may, in their discretion, decline to assert supplemental jurisdiction
8  over the remaining state law causes of action and dismiss them without prejudice to refiling in
9  state court.  See 28 U.S.C. § 1367(c)(3); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th
10 Cir. 1997) (court may *sua sponte* exercise discretion and dismiss state law claims under 28
11 U.S.C. § 1367(c)).  Where, as here, the case is in its early stages, it generally is preferable for a
12 federal court to decline to assert supplemental jurisdiction.  See Carnegie-Mellon Univ. v.
13 Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was
14 eliminated at an early stage of the litigation, the District Court had a powerful reason to choose
15 not to continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205
16 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant
17 claims to state court.").  Accordingly,
18     IT IS HEREBY ORDERED THAT Plaintiffs shall show cause why the Court should
19 not decline to assert supplemental jurisdiction over the First Amended Complaint and dismiss
20 the action without prejudice to refiling in state court.  Plaintiffs shall respond to this Order in
21 writing within one week of the date this Order is filed.  Failure to timely respond to this Order
22 may result in sanctions, up to and including the dismissal of this action.
23     IT IS SO ORDERED.
24 Dated:  March8, 2010

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] It is Plaintiffs' prerogative as to whether to press any federal claims in this suit.  See Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) ("the plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'") (citations omitted).