UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SERGIO RAMIREZ AND VERONICA RAMIREZ,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTRYWIDE HOME LOANS; AMERICA'S WHOLESALE LENDER; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; WESTPORT CORPORATION; VI TUONG NGUYEN and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No:  C 09-5578 SBA<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

　　This matter is presently before the Court on an Order to Show Cause (OSC) why the Court should not decline to assert supplemental jurisdiction over the state law claims that remain in this action.  There being no response to the OSC, and for the reasons that follow, the Court dismisses the instant action without prejudice to refiling in state court.

**I.　BACKGROUND**

　　On November 29, 2009, Plaintiffs filed the instant action in this Court against various entities and an individual, Vi Tuoung Nguyen.  They allege that Defendants defrauded them in connection with a mortgage on their property.  The Complaint alleged federal claims under the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA), along with various state law causes of action.  The Complaint predicated the Court's original jurisdiction on the TILA and RESPA claims.  Compl. ¶ 1.

　　On January 20, 2010, certain Defendants filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In response, on March 1, 2010, Plaintiffs filed a statement of non-opposition in which they agreed to the dismissal of their TILA and RESPA claims, and

simultaneously filed a First Amended Complaint, alleging only state law causes of action. Unlike the original Complaint, the First Amended Complaint does not articulate the basis of the Court's jurisdiction.  Compare Compl. ¶ 1 with First Am. Compl. ¶¶ 1-4.  Nor is the Court's subject matter jurisdiction apparent from the face of the amended complaint.  Diversity jurisdiction also is lacking, as it appears that Plaintiffs and least one of the Defendants are residents of the same state.

On March 11, 2010, the Court issued an Order to Show Cause why the Court should not decline to assert supplemental jurisdiction over the First Amended Complaint and dismiss the action *without prejudice* to refiling in state court.   Docket 22 at 2.  The Court ordered Plaintiffs to respond to the Order within one week, and warned that they failure to do so may result in the imposition of sanctions, up to and including the dismissal of this action.  Plaintiffs have not responded to the OSC.

## II.     DISCUSSION

The First Amended Complaint does not present any federal law claims.  As the party invoking this Court's jurisdiction, Plaintiffs have the authority to predicate their action solely on state law.  See Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) ("the plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'") (quoting in part Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000)).  When all federal causes of action have been dismissed and no other basis for original jurisdiction exists, or when an amended complaint does not present a federal question, the district court has discretion to decline supplemental jurisdiction over the remaining claims.  See 28 U.S.C. §§ 1367(c)(3), 1447(c); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (court may *sua sponte* exercise discretion and dismiss state law claims under 28 U.S.C. § 1367(c)) (en banc).

In deciding whether to retain jurisdiction under these circumstances, a district court's discretion is informed by considerations "of economy, convenience, fairness, and comity." Acri, 114 F.3d at 1001.  Here, these factors weigh in favor of dismissing the action and allowing Plaintiffs to instead proceed in state court.  The instant case remains in the pleading

Case 4:09-cv-05578-SBA   Document 23   Filed 03/22/10   Page 3 of 3

phase; discovery has not yet commenced and no dates have been scheduled.  Where the case is in its early stages, it generally is preferable for a federal court to decline to assert supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351(1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction."); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court.").  In addition, Plaintiffs have evinced no objection to the Court's dismissal of the action without prejudice to allowing them to proceed with their causes of action in state court.[1]

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE to refiling in state court.  Each side shall bear its own fees and costs.  Nothing in this order shall be construed as having *any* preclusive effect in a subsequently-filed state court action.  The Clerk shall close the file and terminate any pending matters in this action.

IT IS SO ORDERED.

Dated:  March 19, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The OSC warned Plaintiffs that the failure to respond to the OSC would be deemed grounds for dismissal.  In light of that admonition, the Court construes Plaintiffs' lack of response as a consent to the dismissal of this action.